IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Case Nos. ELH-17-0378, ELH-17-0365 |
| KAWAN PALMER | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO AMEND PRE-SENTENCE REPORT

The defendant, Kawan Palmer, by and through his attorney, Christopher C. Nieto, hereby respectfully moves this Honorable Court to amend the pre-sentence report that was written in the above-listed cases. In support of this Motion, Mr. Palmer states the following.

1. Mr. Palmer was charged in two criminal complaints with Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. 846. He pled guilty to both, and a Pre-Sentence Report ("PSR") was ordered. On March 20, 2018, Mr. Palmer was sentenced to concurrent 46 month sentences as well as another 12 months consecutive for a Violation of Supervised Release in case no. ELH-17-0516. In total, Mr. Palmer received sentences for 58 months for his transgressions. He is currently housed at Fort Dix FCI with a release date of May 7, 2021.

2. In paragraph 100 of the PSR, there is an overly detailed explanation of the events that gave rise to Mr. Palmer's arrest and conviction in Delaware in 1990. Specifically, that paragraphs states, "On September 12, 1990, Wilmington Police were summoned to the corner of Conrad and Harrison Streets to investigate a shooting. Upon arriving they found a shooting victim with wounds to his head and abdomen. This victim eventually died from his wounds. Four other victims at the scene were also wounded by stray gunfire. According to witnesses, two men did the shootings; however, there were four other individuals with them, including the defendant, who fled the scene."

3. To be sure, Mr. Palmer was never charged with any offense in relation to that shooting. He vehemently denies any involvement with that incident. In fact, he was only ever charged only with drug trafficking, and that charge was based on vials of cocaine that were located in a residence where Mr. Palmer had stayed.

4. Because these five lines were included in the PSR, the Bureau of Prisons ("BOP") curiously attributes this shooting to Mr. Palmer and has now determined that this Delaware drug trafficking case constitutes a "crime of violence." Mr. Palmer was tragically unable to obtain a furlough from the BOP to attend his mother's funeral last month due to this classification. Additionally, he is now disqualified from certain jobs and programs within the BOP, programs that will be important for his reentry into society, because he has this "crime of violence" on his record.

5. Undersigned counsel has attempted to communicate directly with the warden at this facility regarding this misplaced classification without any results. Additionally, undersigned counsel has spoken with the author of the PSR, United States Probation Officer Paige Cameron, and was told that a court order was necessary for any amendments to the PSR.

6. Consequently, in the interests of fairness and justice, Mr. Palmer now petitions the Court to sign the attached order for the United States Probation Office to amend and remove the language at issue. Upon doing so, we would then ask that the Probation Office forward the amended PSR to the Fort Dix facility as well as BOP's main office in Texas to prevent future issues arising from .

7. As the PSR reflects, this arrest and conviction occurred more than 27 years ago. The summary of the case, as currently structured, is not reflective of the conduct to which Mr. Palmer was convicted or the reality of the situation. The continued inclusion of that paragraph in the PSR creates significant consequences that were not anticipated at the time of the sentencing hearing. To allow BOP to classify Mr. Palmer as a violent offender and disqualify him from programs and classes would warp the aims, aims that the Court enumerated in Her Honor's rationale for these sentences, of 18 U.S.C. 3553(a)(2)(D).

8. Undersigned counsel has spoken with AUSA Kenneth Clark, and he does not object to this proposed PSR amendment.

WHEREFORE, for these reasons and any others that may appear to the Court, counsel respectfully moves that this Honorable Court order the United States Probation Office to amend the Pre-Sentence Report issued in these cases and remove the inflammatory and inaccurate information regarding this prior conviction.

Respectfully submitted,

/s/
CHRISTOPHER C. NIETO, #30031
Law Office of Christopher C. Nieto, LLC
1 North Charles Street, Suite 1301
Baltimore, Maryland 21201
Phone: (443) 863-8189
Fax: (443) 378-5723
Email: cnieto@nietolawoffice.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2019, a copy of Defendant's Motion, which was electronically filed in this case, was emailed to Assistant United States Attorney Kenneth Clark and United States Probation Officer Paige Cameron.

/s/
Christopher C. Nieto, #30031
Attorney for Mr. Palmer